108 F.3d 330
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Charles POWELL, aka Steven Powell, aka Steven Griffin,
Defendant-Appellant.
 No. 96-1317.
 United States Court of Appeals, Second Circuit.
 March 3, 1997.
 
 Appearing for Appellant: Christopher T.W. Ross, Buffalo, N.Y.
 Appearing for Appellee: Charles B. Wydysh, Ass't U.S. Att'y, WDNY, Buffalo, N.Y.
 Present: GRAAFEILAND, MESKILL, KEARSE, Circuit Judges.
 
 
 1
 Defendant Charles Powell appeals from a judgment entered in the United States District Court for the Western District of New York following his plea of guilty before John T. Elfvin, Judge, convicting him of racketeering, in violation of 18 U.S.C. § 1962(c), and sentencing him chiefly to 336 months' imprisonment. On appeal, Powell contends principally that he should be allowed to withdraw his plea because the district court failed to inquire, as required by Federal Rule of Criminal Procedure 11(d), as to whether his plea was voluntary and not the result of force, threats, or promises outside of his plea bargain. Although we agree that the district court's procedure did not comply with Rule 11(d), the record reveals no basis for reversal.
 
 
 2
 Rule 11(d) provides, inter alia, that the district court "shall not accept a plea of guilty ... without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement." Fed.R.Crim.P. 11(d). Though the Rule does not specify the precise manner in which the court is to make this determination, see, e.g., McCarthy v. United States, 394 U.S. 459, 467 n. 20 (1969); United States v. Saft, 558 F.2d 1073, 1079 (2d Cir.1977), and though the court's inquiry in this case expressly covered other areas, we do not see in the record an indication that in the original plea proceeding the court made the Rule 11(d) determination in any manner. For example, although the court stated, "Now, Mr. Powell, despite the fact that you have indicated in this plea agreement that you intend to plead guilty to that Count 1 at this point you don't have to" (Plea Hearing Transcript, November 3, 1995 ("Plea Tr."), at 20), it did not ask Powell whether he understood this until after the court had also described in detail the myriad trial rights that Powell would give up by pleading guilty (see Plea Tr. 22). Such an all-encompassing question at the end of a lengthy discourse explaining a large number of factors is not normally an appropriate way to determine whether the defendant in reality understands each of the component explanations. Further, though the court asked whether Powell, when he signed the plea agreement, understood what it contained, the court did not ask Powell whether his plea was the result of force, threats, or promises apart from the plea agreement. The court at one point stated that the plea agreement's condition that Powell cooperate with the government was a "promise [that] is part of the consideration that leads to this particular agreement with the prosecutor" (Plea Tr. 15), and asked whether there was any "further consideration" for Powell's cooperation other than "in the 11(c)2 agreement" (Plea Tr. 16); but that question apparently was not addressed to Powell and was answered only by his attorney. We doubt that the concept of "consideration," a subject of study by law students, is easily understood by a lay defendant as inquiring whether he has pleaded guilty as a result of unmentioned promises; and those trained in the law would not likely understand it as inquiring whether there had been threats or coercion. Finally, while in the plea agreement Powell stated that "[t]here are no promises made by anyone other than those contained in this agreement" and that "[n]o promises or representations have been made to me other than what is contained in this agreement," the court did not read those parts of the agreement aloud to Powell, or refer to them specifically, before asking whether he understood the agreement. Nor did the court ask Powell whether the statements he made in the plea agreement were true. The court did not make a finding that the plea was not the result of force, threats, or promises apart from the plea agreement, and the record provides no basis on which we could conclude that at the initial plea hearing the court made the determinations required by Rule 11(d).
 
 
 3
 Nonetheless, the court's Rule 11(d) error was entirely harmless, see Fed.R.Crim.P. 11(h); United States v. Basket, 82 F.3d 44, 48-49 (2d Cir.), cert. denied, 117 S.Ct. 226 (1996), for two reasons. First, Powell did not, and does not in this Court, allege that his plea was the result of threats or coercion; when he initially moved to withdraw his plea, he stated that he did so because the government had not kept its promises. However, in making his motion and upon being questioned by the court, Powell made clear that he simply wished he had not entered into an agreement that required him to be confined for 336 months (a reduction from the possibility of life imprisonment) if he cooperated satisfactorily. He repeatedly stated to the court that 28 years (i.e., 336 months), to him, "is life." (Motion Hearing Transcript, February 23, 1996, at 7.) Powell did not, and does not, allege that promises had been made to him other than those set forth in the plea agreement, and he did not, and does not, assert that any made to him went unfulfilled.
 
 
 4
 Second, Powell ultimately made a decision in the district court not to pursue his motion to withdraw the plea. The district court denied his motion initially in an order dated February 26, 1996. However, the court promptly appointed new counsel, Joel Daniels, to advise Powell with respect to his desire to withdraw his plea, and indicated that the motion might be granted if pursued (see, e.g., Hearing Transcript, March 1, 1996, at 2 (district court states that Daniels would not represent Powell at trial "[i]f the plea is withdrawn")). Thereafter, Daniels conferred with Powell three times, following which the court held a hearing devoted to the question of whether Powell wished to withdraw his plea. At that hearing, Powell elected not to renew the motion to withdraw, stating, "I guess I'm better off with the plea, your Honor." (Hearing Transcript, April 5, 1996, at 3.) Having explicitly elected not to pursue his motion to withdraw the plea in the district court, Powell is not entitled to pursue it on appeal. See generally United States v. Basket, 82 F.3d at 49.
 
 
 5
 Powell also contends that the district court denied him effective assistance of counsel at sentencing by appointing to represent him at that stage the same attorney who earlier had been permitted to withdraw after Powell had complained of counsel's representation in connection with the plea agreement. This contention is frivolous and does not warrant extended discussion. See generally Strickland v. Washington, 466 U.S. 668 (1984). Powell has not pointed to any error of counsel in connection with sentencing. Indeed, it would be difficult to do so, since the sentence was ordained by the Rule 11(c)(2) plea agreement (an agreement that, incidentally, Powell conceded left him "better off").
 
 
 6
 We have considered all of Powell's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.